UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE SKIBBE and DEBORAH SKIBBE, | Plaintiffs, | ) ) ) ) ) |
| v. | | ) ) ) |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; and LAW OFFICES OF IRA T. NEVEL, LLC, | Defendants. | ) ) ) ) ) ) |

CIVIL ACTION

File No. 16-cv-00192

JURY TRIAL DEMANDED

Honorable Harry D. Leinenweber

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | Counter-Plaintiff, | ) ) ) ) |
| v. | | ) ) |
| DWAYNE SKIBBE and DEBORAH SKIBBE, | Counter-Defendants. | ) ) ) |

**PLAINTIFFS' MOTION FOR ADDITIONAL DEPOSITION EXAMINATION OF
DEFENDANT U.S. BANK AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

Plaintiffs Dwayne and Deborah Skibbe (collectively "Skibbe") move pursuant to Federal Rules 26 and 30 for additional deposition examination of Defendant U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST (hereinafter "U.S. Bank"). In support thereof, Skibbe states as follows:

1. In conjunction with this motion, Skibbe filed a motion for leave to file a first amended complaint. That motion includes a discussion of the United States Supreme Court's decision in *Henson v. Santander Consumer USA Inc.*, __ U.S. __, 2017 U.S. LEXIS 3722, 2017 WL 2507342 (U.S. June 12, 2017). [DKT #93.]

1

2. The *Henson* decision provided new guidance regarding when a party is subject to the FDCPA. Skibbe requests that the Court incorporate that motion herein (*Henson* slip opinion attached as Exhibit 3 to DKT #93). [*Id.*]

3. *Henson* effectively overruled the Seventh's Circuit interpretation of "debt collector" under the FDCPA. *See McKinney v. Caldeway Properties, Inc.,* 548 F. 3d 496, 501 (7th Cir. 2008) *overruled in part by Henson,* 2017 U.S. LEXIS 3722, at *6. [*Id.*]

4. Since the decision was published, U.S. Bank has demanded that Skibbe dismiss their FDCPA claim based upon the *Henson* holding. Skibbe's counsel believes U.S. Bank is still a "debt collector" and subject to the FDCPA in this case.

5. Skibbe deposed U.S. Bank under Rule 30(b)(6) in Dallas, Texas on May 19, 2017. Three weeks later, *Henson* was announced on June 12, 2017.

6. As a result, Skibbe did not have the opportunity to address the factual and legal matters that exist because of the *Henson* decision.

7. The change in Seventh Circuit law at the tail end of the discovery process was due to no fault of Skibbe, and Skibbe had no control over the timing of the decision in relation to the fact discovery schedule or previous Rule 30(b)(6) deposition of U.S. Bank.

8. Based on the timing and U.S. Bank's own mandate that Skibbe voluntarily dismiss the FDCPA claim, Skibbe should be allowed to examine U.S. Bank on the matters that arose post-*Henson*.

9. Therefore, Skibbe's counsel requests leave to conduct a second Rule 30(b)(6) deposition examination of U.S. Bank, limited to the matters raised by the *Henson* decision, and with a two-hour time limit. Further, Skibbe will agree to conduct the deposition by videoconference to save travel expenses.

10. This request is made in good faith, based upon principles of fairness and equity, and will allow all parties to seek adjudication of the FDCPA claim on the merits and in accordance with the law as it now exists under *Henson*.

WHEREFORE, Plaintiffs Dwayne and Deborah Skibbe pray for an order granting Plaintiffs leave to further examine U.S. Bank under Rule 30(b)(6) as set out in this motion, and all other relief this Court proper.

Date: June 22, 2017                    Respectfully Submitted,

By: ___s:/Mara A. Baltabols____
**Mara A. Baltabols**
Attorney for Skibbe
Sulaiman Law Group, Ltd.
Mara A. Baltabols – ARDC # 6299033
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523