1433-6

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DWAYNE SKIBBE and DEBORAH SKIBBE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK TRUST, N.A., AS TRUSTEE FOR ) <br> LSF9 MASTER PARTICIPATION TRUST; and ) <br> LAW OFFICES OF IRA T. NEVEL, LLC, ) <br> ) <br> Defendants. ) | Case No. 16 CV 00192 <br> Honorable Harry D. Leinenweber <br> Magistrate Judge Michael Mason |

### AMENDED ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

The Defendant, LAW OFFICES OF IRA T. NEVEL, LLC, ("Defendant"), by and through its attorneys, Noonan and Lieberman, Ltd., hereby files its Amended Answer with Affirmative Defenses to Plaintiffs' complaint as follows:

### NATURE OF THE ACTION

1. This action requests damages from Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").

**ANSWER: Defendant admits the existence of Plaintiffs' request for damages but denies that such damages are proper.**

2. All of the claims stated herein stem from improper debt collection activities related to Plaintiffs' home mortgage loan.

**ANSWER: Denied.**

### JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 & 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER: Admitted.**

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all Defendants do business in this District and a substantial portion of the events or omissions giving rise to the

claims occurred within this District.

**ANSWER: Admitted.**

## PARTIES

5. Plaintiffs Dwayne Skibbe and Deborah Skibbe (collectively "Skibbe") are natural persons who reside at 11 Oxford Court, South Elgin, IL 60177 ("subject property"). The subject property is Skibbe's primary residence.

**ANSWER: Defendant admits that the Plaintiffs are natural persons. Defendant has insufficient information to admit or deny the remaining allegations in this paragraph.**

6. Defendant U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("U.S. Bank") is a foreign corporation and creditor, owner, and investor of mortgage loans.

**ANSWER: Defendant denies that U.S. Bank is a corporation. Defendant has insufficient information to admit or deny the remaining allegations in this paragraph.**

7. Defendant LAW OFFICES OF IRA T. NEVEL, LLC ("Nevel") is a law firm authorized to do business in the state of Illinois. Nevel is in the business of collecting debts from Illinois residents of behalf of third-party creditors, servicers, and debt collectors.

**ANSWER: Admitted.**

## FACTS SUPPORTING CAUSES OF ACTION

8. On October 26, 2004, Skibbe executed a mortgage loan in the amount of $271,132.11 ("subject loan") in favor of Household Finance Corporation, III for the purchase of the subject property as their family home.

**ANSWER: Defendant admits the execution and original amount of the mortgage Plaintiffs executed but has insufficient information to admit or deny the remaining allegations in this paragraph.**

9. On December 23, 2010, Household Finance Corp. III, through its attorneys (Nevel), filed a foreclosure complaint against Skibbe in Kane County, Illinois seeking foreclosure and sale of the subject property, in the case known as Case No. 2010 CH 5758 ("first foreclosure").

**ANSWER: Defendant admits that the first foreclosure complaint was filed but denies any involvement in that proceeding.**

10. On September 17, 2012, Household Finance Corp. III voluntarily dismissed the

first foreclosure.

**ANSWER: Admitted.**

11. Thereafter, on June 5, 2013, Household Finance Corp. III, through its attorneys (Nevel), filed a second foreclosure complaint against Skibbe in Kane County, Illinois seeking foreclosure and sale of the subject property, in the case known as Case No. 2013 CH 1418 ("second foreclosure").

**ANSWER: Admitted.**

12. On November 27, 2013, Household Finance Corp. III voluntarily dismissed the second foreclosure. The second voluntary dismissal of the foreclosure by Household Finance Corp. III was a final dismissal with prejudice under Illinois law.

**ANSWER: Defendant admits that the second foreclosure was dismissed on November 27, 2013. Defendant denies the remaining allegation in this paragraph.**

13. Following the dismissal of the second foreclosure, Household Finance Corp. III transferred servicing and/or ownership of the subject loan to defendant U.S. Bank.

**ANSWER: Defendant has insufficient information to admit or deny this allegation.**

14. When U.S. Bank was assigned the subject loan, it was aware of the two prior dismissals.

**ANSWER: Defendant has insufficient information to admit or deny this allegation.**

15. On January 9, 2015, U.S. Bank, through its attorneys (Nevel), filed a third foreclosure complaint against Skibbe in Kane County, Illinois seeking foreclosure and sale of the subject property, in the case known as Case No. 2015 CH 22 ("third foreclosure").

**ANSWER: Admitted.**

16. U.S. Bank knew that the third foreclosure was improper under Illinois law. U.S. Bank used threats of foreclosure and a lawsuit to induce Skibbe to move out of their family home.

**ANSWER: Defendant has insufficient information to admit or deny this allegation.**

17. On June 24, 2015, the third foreclosure was dismissed with prejudice because it was barred by res judicata (having previously been voluntarily dismissed twice). 735 ILCS 5/13-217.

**ANSWER: Defendant admits that the third foreclosure was dismissed with prejudice on June 24, 2015 but denies that the dismissal order states a basis for the dismissal.**

18. On July 22, 2015, Nevel filed a motion to reconsider the dismissal of the third foreclosure on behalf of U.S. Bank, arguing that the filing of the third foreclosure was, in fact, proper.

**ANSWER: Admitted.**

19. On October 14, 2015, the motion to reconsider was denied and the dismissal of the third foreclosure was affirmed.

**ANSWER: Admitted.**

    a. Damages

20. Skibbe was [sic] incurred legal fees and costs to defend the improperly filed third foreclosure. Throughout the process, Skibbe suffered stress, anxiety, loss of sleep, and emotional distress, believing that their home would be taken through a foreclosure sale.

**ANSWER: Defendant has insufficient information to admit or deny this allegation.**

<u>COUNT I – VIOLATION FO THE FAIR DEBT COLLECTION PRACTICES ACT</u>
(AGAINST U.S. BANK)

**Defendant makes no responses to the allegations in Count I as the claim asserted in Count I is not against this Defendant.**

COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST NEVEL)

31. Skibbe restates and realleges paragraphs 1 through 30 as though fully set forth herein.

**ANSWER: Defendant incorporates its responses to paragraphs 1 through 20 as though**

4

**fully set forth herein. Defendant makes no responses to paragraphs 21 through 30, and denies that the inclusion of such allegations in this count is proper.**

32. Nevel qualifies as a "debt collector" on behalf of U.S. Bank under FDCPA §§ 1692a(6) and 1692e(2)(A). Nevel qualifies as a "debt collector" under §1692a(6) because it regularly collects debts and uses instrumentalities of interstate commerce or the mails to collect debts and enforce security instruments.

**ANSWER: Denied.**

33. Nevel qualifies as a "debt collector" under §1692a(6) because Nevel was hired with respect to the subject loan after it was in default or treated the subject loan was in default when it was hired.

**ANSWER: Denied.**

    a. Violation of §§1692e, e(2), e(5), e(8), e(10), f, f(1) and f(6)

34. Nevel engaged in unfair, unconscionable, false, and deceptive conduct by:
    i. Using false representation and deceptive means to collect or attempt to collect the subject loan and foreclosure of the subject property (§1692e);
    ii. Falsely representing the character, amount, and legal status of the subject loan and mortgage (§1692e(2));
    iii. Filing foreclosure when foreclosure could not legally occur (§1692e(5));
    iv. Falsely threatening a foreclosure sale of the property (§1692e(8));
    v. Improperly adding legal fees, foreclosure charges, and attorneys' fees (including estimated fees) to Skibbe's account (§§1692e(8), 1692e(10), 1692f(1));
    vi. Threatening to unlawfully foreclose on the subject property when it had no present right to do so (§1692f(6)); and
    vii. Using unfair and unconscionable means to attempt to collect a debt when collection was not authorized by law (§1692f and f(1)).

**ANSWER: Denied.**

35. Nevel's claims that it could foreclose on Skibbe and the subject property were misstatements of both fact and law.

**ANSWER: Denied.**

36. Nevel's conduct was employed to induce Skibbe to pay the amount claimed or be

5

subject to foreclosure of their family home.

**ANSWER: Denied.**

      37.    All of Nevel's actions were the proximate cause of damages to Skibbe, including those alleged in paragraph 30 above.

**ANSWER: Denied.**

COUNT III – VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

**Defendant makes no response to the allegations set forth in Count III as the allegations do not assert a claim for relief against this Defendant.**

WHEREFORE, LAW OFFICES OF IRA T. NEVEL, LLC denies that Plaintiffs are entitled to judgment or any relief against LAW OFFICES OF IRA T. NEVEL, LLC or that LAW OFFICES OF IRA T. NEVEL, LLC is liable to the Plaintiffs in any manner whatsoever.

**LAW OFFICES OF IRA T. NEVEL, LLC'S AFFIRMATIVE DEFENSES**

LAW OFFICES OF IRA T. NEVEL, LLC reasserts and incorporates, as if fully set forth herein, its responses to the Complaint above. LAW OFFICES OF IRA T. NEVEL, LLC asserts the following defenses without assuming the burden of proof where it otherwise rests with the Plaintiffs, as follows:

**FIRST DEFENSE**

**(ESTOPPEL)**

Any damages which Plaintiffs may have suffered, which LAW OFFICES OF IRA T. NEVEL, LLC continues to deny, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs is estopped and barred from recovery of any damages.

## SECOND DEFENSE

## (FRAUDULENT MISCONDUCT)

Any damages which Plaintiffs may have suffered, which LAW OFFICES OF IRA T. NEVEL, LLC continues to deny, were the direct and proximate result of the fraudulent misconduct conduct of Plaintiffs. Therefore, Plaintiffs are barred from recovery of any damages.

## THIRD DEFENSE

## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks relief, is barred by the doctrine of unclean hands.

## FOURTH DEFENSE

## (FRAUD UPON THE COURT)

The Complaint, and each claim for relief therein that seeks relief, is barred by fraud upon the court committed by Plaintiffs.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, LAW OFFICES OF IRA T. NEVEL, LLC prays that Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs, and that LAW OFFICES OF IRA T. NEVEL, LLC recover such other and additional relief as the Court deems just and appropriate.

/s/ Robert E. Haney
One of the Attorneys for Defendant

James V. Noonan #6200366
Robert E. Haney #6189905
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, IL 60603
312-431-1455
jnoonan@noonanandlieberman.com
intake@noonanandlieberman.com

1433-6

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE SKIBBE and DEBORAH SKIBBE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 16 CV 00192 |
| | ) | Honorable Harry D. Leinenweber |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR | ) | Magistrate Judge Michael Mason |
| LSF9 MASTER PARTICIPATION TRUST; and | ) | |
| LAW OFFICES OF IRA T. NEVEL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing AMENDED ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

Ross Michael Zambon  
Sulaiman Law Group, Ltd.  
900 Jorie Boulevard, Suite 150  
Oak Brook, IL 60523  
Ira T. Nevel  
175 North Franklin Street  
Suite 201  
Chicago, IL 60606  

Jasmina Vajzovic  
Perkins Coie LLP  
131 South Dearborn St. Suite 1700  
Chicago, IL 60603  

on June 27, 2017.

Respectfully submitted,  
/s/ Robert E. Haney_____  
One of the Attorneys for Defendant

James V. Noonan #6200366  
Robert E. Haney #6189905  
Noonan & Lieberman, Ltd.  
105 W. Adams, Suite 1800  
Chicago, IL 60603  
312-431-1455  
jnoonan@noonanandlieberman.com  
intake@noonanandlieberman.com