**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE SKIBBE and DEBORAH SKIBBE, | ) ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) ) | File No. 16-cv-00192 |
| v. | ) ) | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; and LAW OFFICES OF IRA T. NEVEL, LLC, | ) ) ) ) | JURY TRIAL DEMANDED Honorable Harry D. Leinenweber |
| Defendants. | ) ) | |

**PLAINTIFFS DWAYNE AND DEBORAH SKIBBE'S MOTION TO STRIKE**
**DEFENDANT LAW OFFICES OF IRA T. NEVEL, LLC'S AMENDED AFFIRMATIVE DEFENSES**

Plaintiffs Dwayne & Deborah Skibbe move pursuant to Rule 12(f) to strike the amended affirmative defenses filed by Defendant Law Offices of Ira R. Nevel, LLC ("Nevel") as follows:

**BACKGROUND**

1. On January 7, 2016, Dwayne and Deborah Skibbe (collectively "Skibbe") filed a three-count complaint against Nevel and defendant U.S. Bank. The only claim against Nevel is Count II for violations of the Fair Debt Collection Practices Act ("FDCPA"). [DKT #1, pp. 5-6.]

2. On November 15, 2016, Nevel answered the complaint. Nevel did not raise any affirmative defenses. [DKT #25.]

3. Over the next eight months, the parties completed written and oral discovery.

4. On May 5, 2017, Skibbe took the Rule 30(b)(6) deposition of Nevel.

5. Fact discovery closed on July 15, 2017. [DKT #88.]

6. On June 27, 2017, Nevel filed – for the first time – four common law affirmative defenses: (1) Estoppel, (2) Fraudulent Misconduct, (3) Unclean Hands, and (4) Fraud Upon the Court. [DKT #98.]

1

7. On July 1, 2017, Skibbe moved to strike Nevel's affirmative defenses. [DKT #100.]

8. On July 5, 2017, the Court granted Skibbe's motion, struck all four affirmative defenses, and granted Nevel leave to replead. [DKT #102.]

9. On July 19, 2017, Nevel filed amended affirmative defenses, asserting the same four defenses that were stricken on July 5, 2017. [*Compare* DKT #98 *with* DKT# 110.]

10. These equitable defenses at common law cannot defeat liability and simply do not apply to a statutory FDCPA claim. [DKT #110.]

11. Even if the defenses otherwise apply to an FDCPA claim, the matters raised in the defenses were fully-adjudicated with a written order from the Illinois Appellate Court, and barred by the doctrine of collateral estoppel. *See* Exhibit A, a true copy of the August 24, 2016 opinion of the Second District Appellate Court.

12. Although unclear, Nevel appears to complain about occurrences in the third foreclosure case; a case that remains part of the public record at both the trial and appellate court levels. Each affirmative defense on its face directly conflicts with the final Appellate Court order. *Id*.

13. Further, Nevel's defenses are insufficiently pled under Rules 8(b) and 9(b).

14. Nevel's allegations are devoid of any facts, do not reference any documents, do not cite to any filings or transcripts from the public record, and do not include the "who, what, where, and when" to establish any fraud-based defense. [*Id.*]

15. With fact discovery now closed, Nevel simply rehashed the same improper affirmative defenses without providing any factual basis for the defenses. Nevel's defenses should be stricken, this time *with prejudice*. [DKT #110.]

**STANDARD**

16. Under Rule 8(b)(1)(A), a defense must be pled in "state in short and plain terms." Fed. R. Civ. P. 8(b). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

17. "Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Rudzinski v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 75668, 2007 WL 2973830, at *1 (N.D.Ill. 2007).[1]

18. When a defense sounds in fraud, it is subject to a heightened pleading standard. Fed. R. Civ. P. 9(b) (a party must state the fraud with particularity and describe the "who, what, when, where, and how' of the fraud— 'the first paragraph of any newspaper story.'"). *U. S. ex rel. Presser v. Acacia Mental Health Clinic*, 836 F.3d 770, 776 (7th Cir. 2016) (citations omitted).

**ARGUMENT**

Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Nevel's amended allegations do not cure the deficiencies in its original pleading; the only *quasi-*substantive paragraph alleges, "[s]pecifically, Plaintiffs represented, at the hearing conducted on October 14, 2015, at their depositions taken on March 10, 2017 and in other papers filed before the Circuit Court, that the 2015 Action had the same date of default as two prior foreclosure actions that had been previously dismissed." [DKT #110, ¶2.]

---

[1] *Maurice Sporting Goods, Inc. v. BB Holdings, Inc.,* 2016 WL, 4439948, at * 1 (N.D.Ill. 2016) ("The Court—along with many others in this district—examines affirmative defenses by reference to *Twombly's* 'plausibility' pleading standard").

As an initial matter, this is simply false, as Skibbe never took a position on the default date in this case or in the previous 2015 foreclosure case. Nevel mentions nondescript documents from the public record, yet there is no mention of *what* was actually said or *who* said it. [*Id.*] As described below, Skibbe did not provide any testimony or certification in the state foreclosure case, nor was Skibbe deposed or examined at any hearing. The foreclosure case was adjudicated as a matter of law – as an improper third foreclosure after two previous dismissals – based on the motion to dismiss filed and signed by only the undersigned counsel.[2] *See* Exhibit A.

Nevel makes no reference to the "actionable" portions of transcripts from the October 14, 2015 hearing or March 10, 2017 depositions, and fails to specify or recite to the contents of the "other papers filed before the Circuit Court." [DKT #110, ¶2.] All four of Nevel's amended affirmative are improper common law defenses, insufficiently pled under Rules 8(a) and 9(b), and barred by collateral estoppel. [*Id.*]

### I. Nevel's Amended Defenses are Not Valid Defenses to Skibbe's FDCPA Claim

Whether the FDCPA was violated depends on the conduct of the debt collector; there is no carve-out for common law defenses. 15 U.S.C 1692k(c). *Ruth v. Triumph P'Ships*, 577 F.3d 790, 805-06 (7th Cir. 2009) ("[T]he FDCPA is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions."). *Owen v. I. C. Sys., Inc.,* 629 F.3d 1263, 1271 (11th Cir. 2011) ("[T]he FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense."). *See e.g.*, *Town of Munster v. Sherwin-Williams Co.*, 27 F.3d 1268, 1273 (7th Cir. 1994) ("The plain language of §

---

[2] Skibbe assumes that Nevel will not dispute these facts, as the matter is of public record, and the final adjudication has been reduced to a written opinion from the Appellate Court. Therefore, Skibbe did not attach the voluminous record from the state foreclosure. The Court, however, may take judicial notice of documents filed in another lawsuit and made part of the public record. *Black & Decker, Inc. v. Robert Bosch Tool Corp.,* 500 F. Supp. 2d 86, 8674 (N.D.Ill. 2007). If Nevel does dispute these facts, Skibbe would ask the Court to take judicial notice of such filings and grant Skibbe leave to supplement this motion and file the record from the state foreclosure.

4

107 explicitly limits the defenses to liability under CERCLA to those enumerated in the statute, none of which mention or even imply that equitable defenses are available.").

The FDCPA specifically enumerates a single defense to liability, known as the "bona fide error defense." 15 U.S.C. § 1692k(c).[3] In its amended affirmative defenses, Nevel did not assert the bona fide error defense, but asserted the same four equitable and common law defenses – estoppel, fraudulent misconduct, unclean hands, and fraud upon the court – that were previously stricken as improper. [DKT ##98, 102, 110.] All of these defenses, irrespective of Nevel's superficial amendments, are not viable defenses to statutory liability under the FDCPA. Specific to the FDCPA, *McCabe v. Crawford & Co.*, 272 Supp. 2d 736, 749 (N.D. Ill. 2003), addressed this issue head-on and held:

> Crawford asserts three affirmative defenses, none of which are argued successfully, persuasively or even wholeheartedly. The first defense that Crawford proffers is that the doctrine of unclean hands bars any recovery by McCabe. Crawford asserts that McCabe is trying to avoid a valid debt that he owes by bringing this litigation. Crawford's assertion is curious since the present litigation has no bearing on whether McCabe owes a valid debt. The issue in the present case is whether Crawford's letter violates the FDCPA. Whatever McCabe's intentions might have been in bringing this lawsuit, they are irrelevant in determining whether Crawford is liable for violating the FDCPA. *See Keele v. Wexler*, 149 F.3d 589, 591-96 (7th Cir. 1998). The doctrine of unclean hands is not applicable to the current case.

Nevel's amended affirmative defenses complain only of nondescript actions or inactions of Skibbe. Even when taken as true, Skibbe's conduct or intentions with respect to this lawsuit are irrelevant to determining liability under the FDCPA. *Id. See also Nyberg v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 71897, at *17 (D. Or. June 2, 2016).[4]

---

[3] "1692k(c) Intent. A debt collector may not be held liable in any action brought under this title [15 USCS §§ 1692 et seq.] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

[4] "Unclean hands is not a proper defense to an FDCPA claim. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 749 (N.D. Ill. 2003) (citing *Keele v. Wexler*, 149 F.3d 589, 591-96 (7th Cir. 1998)). It is well-settled that unclean hands is an equitable defense. [Cite.]…The FDCPA focuses primarily (if not exclusively) on the conduct of the debt collector. Consequently, whether an FDCPA plaintiff has unclean hands is irrelevant to the defendant's liability for violating the statute. *See McCabe*, 272 F. Supp. 2d at 749 (citing *Keele*, 149 F.3d at 591-96). Nyberg is therefore entitled to judgment on the pleadings as to PRA's Eighth Affirmative Defense. *Nyberg*, 2016 U.S. Dist. LEXIS 71897, at *17.

## II. Nevel's Amended Defenses are Insufficiently Pled

While Nevel references a "hearing" and "papers filed" (both public record), there is no mention of *what* was actually said or *who* said it. Even with the benefit of discovery in this case, Nevel makes no reference to actionable portions of the October 14, 2015 transcript or March 10, 2017 depositions. Nevel does not identify the relevant contents of the "other papers filed before the Circuit Court" that would form the basis for the fraud, unclean hands, etc. [DKT #110, ¶2.]

As to Nevel's cryptic reference to the March 2017 depositions of Dwayne and Deborah Skibbe in *this* case, nothing is alleged to describe or even summarize what was actually said (or by whom). Skibbe's FDCPA claim against Nevel was filed in January 2016 and founded on an improper third foreclosure filed in January 2015. [DKT #1.] As Nevel points out, the depositions of Skibbe in the instant case occurred in March 2017. There are no retroactive defenses, and the FDCPA is a strict liability statute. *Ruth*, 577 F.3d at 805-06 (7th Cir. 2009). Certainly, Nevel cannot point to a future event (March 2017) to escape liability from a previous FDCPA violation that occurred nearly two years prior (January 2015).

### A. Estoppel & Unclean Hands

Apart from the vague and insufficient "background" allegations [DKT #110 ¶¶1-5], Nevel's estoppel and unclean hands defenses allege only the following:

> [**Estoppel – Affirmative Defense #1**] Any damages which Plaintiffs may have suffered, specifically, but not exclusively the attorney's fees they expended in defending the 2015 Action, were the direct and proximate result of their own conduct. Therefore, Plaintiffs are estopped and barred from recovery of any damages.
> …
> [**Unclean Hands – Affirmative Defense #3**] The Complaint, and each claim for relief therein that seeks relief, is barred by the doctrine of unclean hands as a result of the fraudulent conduct of Plaintiffs described above."

[DKT #110 ¶¶6, 8.]

Estoppel is enumerated in Rule 8(c) and must be pled affirmatively, and the allegations must include: "(1) a party acts; (2) another party reasonably relies on those acts: and (3) the latter party thereby changes his position for the worse." *Tome Engenharia E Transportes v. Malki*, 1996 U.S. Dist. LEXIS 4585, at *32 (N.D.Ill. 1996) (striking estoppel defense). Nevel did not allege any specific actions taken by Skibbe (let alone an allegation that is even supported by the state and appellate court records), how Nevel relied on any actions, or a nychange in position (or how the change was for the worse) that was in any way connected to Skibbe's conduct. *Id.* [DKT # 110 ¶¶1-6, 8.] Likewise, Nevel's unclean hands affirmative defense is insufficiently pled and devoid of actual factual allegations. *See Tome,* 1996 U.S. Dist. LEXIS 4585, at *32 (striking a defense that only pled that "plaintiff is barred from any relief because of unclean hands").

### B. Fraudulent Misconduct & Fraud Upon the Court

Fraudulent misconduct and fraud upon the court are defenses based in common-law fraud and must satisfy Rule 9(b). Rule 9(b) requires allegations that include the identity of the person making the misrepresentation, the time, place, content, and the method of the misrepresentation. *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 737 (7th Cir. 2014). Nevel's allegations provide no specifics of Skibbe's alleged conduct or any reliance by Nevel. Nevel's fraud based affirmative defenses include only the following allegations:

> [**Fraudulent Misconduct – Affirmative Defense #2**] Any damages which Plaintiffs may have suffered, specifically, but not exclusively the attorney's fees they expended in defending the 2015 Action, were the direct and proximate result of the fraudulent misconduct conduct of Plaintiffs as described above. Therefore, Plaintiffs are barred from recovery of any damages.
> …
> [**Fraud Upon the Court – Affirmative Defense #4**] The Complaint, and each claim for relief therein that seeks relief, is barred by fraud upon the court committed by Plaintiffs as described above.

[DKT # 110 ¶¶7, 9.]

7

These defenses require, at a minimum, allegations identifying the time, place, substance, and content of the misrepresentation with specificity. *In re Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig*., 155 F. Supp. 3d 772, 783 (N.D.Ill. 2016). Nevel does not set forth "who, where, when, and how," of the alleged fraudulent conduct. Nevel may claim to plead the "who," but even those allegations leave unclear the responsible individual. On one hand, it is not clear if Nevel is addressing the acts of Dwayne Skibbe or the acts of Deborah Skibbe. On the other hand, neither Dwayne nor Deborah filed or signed any court filings in the foreclosure case, and neither attended any hearings or provided any testimony. All arguments and filings and were made and signed by the undersigned counsel. The lack of detail is magnified by the fact that Nevel appears to allude to misconduct, without ever actually describing it, while omitting the actual contents of the public records that remain at Nevel's fingertips. *See* Exhibits A.

Perhaps most importantly, Nevel's defenses are a fallacy and ignore the actual filings in the state foreclosure – none of which included any statements regarding default dates or the payment history. *Id*. [DKT # 110.] At a minimum, Skibbe is entitled to know what statements, filings, or specific conduct form the basis for Nevel's defenses, including the specific actions, dates, and substance actionable conduct.

### III. <u>Collateral Estoppel</u>

Courts recognize that *res judicata* and collateral estoppel "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Under the doctrine of collateral estoppel, an issue of fact necessary to the judgment of a prior court may not be re-litigated in a different case involving the same parties or their privies. *Maloney v. Isaacs (In re Wolfe),* 2005 Bankr. LEXIS 509, *2 (Bankr.C.D.Ill. 2005) (citing cases). "An issue

is actually litigated and decided when it is properly placed in dispute and is resolved by the trier of fact." *Continental Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596 (7th Cir. 1979).

The issue raised by Nevel in its affirmative defenses was previously raised by U.S. Bank (the plaintiff) in the state foreclosure through Nevel, its foreclosure attorneys. Nevel's affirmative defenses blame Skibbe for the botched and illegal foreclosure action, alleging that Skibbe "knew that the date of default in the 2015 Action was not the same default date as the default date alleged in the first foreclosure…." [DKT #110 ¶3.] While this is irrelevant for other reasons, the "different default dates" argument was examined in the state court, and specifically rejected by the Appellate Court. *See* Exhibit A.

The trial court concluded the "different" default dates to be immaterial. The Appellate Court then held:

> Moreover, plaintiff [U.S. Bank] argues in its reply, without a citation to any authority, that, instead of relying on what the parties said with regard to what payments were made, the court should have required the parties to submit proof of when defendants made payments. In addition to the fact that we question such a proposition, we find plaintiff's contention forfeited.

*See* Exhibit A at p. 5. This adjudication was necessary to the final adjudication to the 2015 foreclosure, and collateral estoppel, thus, precludes re-litigation of that issue. *See County of Cook v. MidCon Corp.*, 773 F.2d 892, 903 (7th Cir.Ill. 1985). Further, a federal court looks to state law to determine the preclusive effect of a state court judgment, and whether state law would bar further litigation. *County of Cook v. MidCon Corp.*, 773 F.2d 892, 898 (7th Cir. Ill. 1985).

Lastly, any attempt by Nevel to distance itself from U.S. Bank and the adverse state court ruling should be rejected. *County of Cook v. MidCon Corp.*, 574 F. Supp. 902, 916 (N.D.Ill. 1983) ("[P]arties cannot manipulate the preclusive effect of state court findings by letting other parties, with whom their interests are aligned, fight the battle for them by presenting all the opposing evidence on certain issues properly raised by the opposing parties.").

### IV. <u>Alternatively, Skibbe Should Be Permitted Additional Time for Discovery</u>

Nevel first raised affirmative defenses three weeks before the discovery deadline; Nevel's amended defenses were filed after discovery closed on July 15, 2017. [DKT ##88, 110.] Previously, on June 30, 2017, Skibbe propounded supplemental requests to produce upon Nevel specific to its affirmative defenses. Responses would have been due on July 30, 2017 (after the discovery close).

Allowing Nevel to assert eleventh hour defenses – without allowing discovery on those defenses – would leave Skibbe in the dark going into trial as to the basis for the defenses. It would also serve to reward Nevel for the late filing. Skibbe's Rule 30(b)(6) deposition of Nevel occurred May 5, 2017, and Skibbe had no opportunity to examine Nevel regarding the defenses. As such, Skibbe requests an extension to the discovery deadline for Nevel to respond to Skibbe's supplemental requests to produce and a second Rule 30(b)(6) deposition of Nevel immediately thereafter, specific to and limited to the affirmative defenses.

WHEREFORE, Plaintiffs Dwayne and Deborah Skibbe pray for an order striking and dismissing Nevel's Amended Affirmative Defenses [DKT #110] with prejudice. Alternatively, Skibbe requests an extension to complete written discovery and conduct a second Rule 30(b)(6) deposition of Nevel.

Date: August 7, 2017

Respectfully Submitted,

*/s/ Ross M. Zambon*
Ross M. Zambon (# 6279456)
Zambon Law Ltd.
Sulaiman Law Group, Ltd. (*of Counsel*)
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Attorney for Plaintiffs