# Exhibit A

Case: 1:16-cv-00192 Document #: 163-11 Filed: 08/17/16 Page 2 of 7 PageID #:1734

2016 IL App (2d) 151143-U
No. 2-15-1143
Order filed August 31, 2016

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

___

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
___

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | No. 15-CH-22 |
| DEBORAH D. SKIBBE, DWAYNE S. SKIBBE, UNITED STATES OF AMERICA, HOUSEHOLD FINANCE CORPORATION, III, UNKNOWN TENANTS, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable |
| (Deborah D. Skibbe and Dwayne S. Skibbe, Defendants-Appellees). | ) ) | Christine Downs Judge, Presiding |

___

JUSTICE BIRKETT delivered the judgment of the court.
Justices Hutchinson and Burke concurred in the judgment.

## ORDER

¶ 1   *Held:*   The trial court's order granting defendants' motion to dismiss was affirmed when plaintiff's third complaint to foreclose defendants' mortgage was barred under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 2014). Also, plaintiff's motion to supplement the record was denied where the documents it sought to supplement the record with were not reviewed by the trial court and were not a part of the trial court's record.

2016 IL App (2d) 151143-U

¶ 2		On October 26, 2004, defendants, Deborah D. Skibbe and Dwayne S. Skibbe, obtained a loan from Household Finance Corporation, III (HFC), that was evidenced by a note and secured by a mortgage on a house in South Elgin.  In April 2010 and thereafter, defendants failed to make mortgage payments, and HFC filed a complaint to foreclose the mortgage on December 20, 2010.[1]  On September 17, 2012, the trial court granted HFC's motion to dismiss its foreclosure complaint without prejudice.[2]  On June 5, 2013, HFC filed a second complaint to foreclose the mortgage, and that complaint was dismissed without prejudice on November 27, 2013.  Approximately one year later, on November 28, 2014, HFC assigned defendants' mortgage to plaintiff.  Thereafter, on January 8, 2015, plaintiff filed a complaint to foreclose the mortgage, and, pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)), defendants moved to dismiss the complaint under sections 2-615 and 2-619(a)(4) and (a)(9) of the Code (735 ILCS 5/2-615, 2-619(a)(4), (a)(9) (West 2014)).  On June 24, 2015, the trial court granted the motion to dismiss with prejudice, finding plaintiff's complaint barred by *res judicata* (see 735 ILCS 5/2-619(a)(4) (West 2014)).  This timely appeal followed.

---

[1] Although plaintiff, U.S. Bank Trust, N.A., claims on appeal, without citing to the record, that defendants made payments to HFC after April 2010, the parties made clear to the trial court that no payments were made after April 2010.

[2] It appears that the complaint may have been voluntarily dismissed, because, in the interim, defendants filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 1301 *et seq.* (2012)).  That proceeding was converted to a Chapter 7 bankruptcy proceeding (11 U.S.C. § 701 *et seq.* (2012)), the debts of both defendants were discharged in January 2014, and the case was terminated in March 2014.

2016 IL App (2d) 151143-U

¶ 3     At issue in this appeal is whether defendants' motion to dismiss was properly granted. When reviewing an order granting a motion to dismiss under section 2-619 of the Code, we consider all of the facts presented in the pleadings, affidavits, and depositions and must interpret those facts in the light most favorable to the nonmoving party. *Lucas v. Prisoner's Review Board*, 2013 IL App (2d) 110698, ¶ 14. We review *de novo* a dismissal under section 2-619 of the Code. *Id.* Accordingly, we may affirm the trial court's order on any proper basis found in the record. *Id.*

¶ 4     We initially note that in April 2016, while this appeal was pending, plaintiff filed a motion pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)) to vacate the dismissal of and reinstate the 2013 foreclosure case based upon "newly discovered evidence." On July 13, 2016, the trial court denied that motion. Plaintiff has now filed a motion with this court to supplement the record in this case with the April 2016 motion to vacate, an attached affidavit, transcripts of that hearing, and the court order. The motion to supplement was taken with this case.

¶ 5     It is well settled law that a reviewing court cannot review the contents of a record that were not a part of the trial court record and reviewed first by that court. *In re Petition to Incorporate the Village of Greenwood*, 275 Ill. App. 3d 465, 469 (1995). Here, plaintiff is appealing from the June 24, 2015, order granting defendants' motion to dismiss. However, the documents that plaintiff wishes to supplement the record with pertain to court proceedings that occurred almost a year after the order that is the subject of the instant appeal. Since those documents were not part of the record before the trial court when it denied plaintiff's motion to dismiss on June 24, 2015, the motion to supplement the record is denied.

2016 IL App (2d) 151143-U

¶ 6 We now turn to the merits of this appeal. Here, although the trial court did not address it, the parties raised the issue of whether plaintiff's 2015 complaint to foreclose the mortgage was barred pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2014)). That section provides in pertinent part that if the plaintiff voluntarily dismisses a cause of action, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater" after the action is voluntarily dismissed by the plaintiff. *Id.* This section applies to all claims raised in the original action as well as all claims that grew out of the same transaction involved in the original action. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 48. However, section 13-217 does not permit multiple refilings of the same action. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). Rather, our supreme court "has interpreted section 13-217 as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired." *Id.*

¶ 7 Turning to what transpired here, HFC filed a complaint to foreclose defendants' mortgage on December 23, 2010. In this complaint, HFC alleged that no payments were made on defendants' mortgage since April 2010. HFC subsequently voluntarily dismissed that complaint without prejudice on September 17, 2012. Thereafter, on June 5, 2013, which was well within one year after the initial complaint was voluntarily dismissed, HFC filed a second complaint to foreclose defendants' mortgage. In this complaint, HFC alleged that no payments were made since August 2010. This second complaint was voluntarily dismissed without prejudice on November 27, 2013. On January 8, 2015, plaintiff filed yet another complaint to foreclose defendants' mortgage. In this complaint, like the June 5, 2013, complaint, plaintiff alleged that no payments were made since August 2010. Pursuant to section 13-217, this third

- 4 -

action to foreclose defendants' mortgage is barred even though it was filed within the applicable 10-year statute of limitations (see 735 ILCS 5/13-206 (West 2014)). *Timberlake*, 175 Ill. 2d at 163.

¶ 8    In reaching this conclusion, we find irrelevant the fact that the 2010 complaint alleged that the default date was in April 2010 and the 2013 and 2015 complaints alleged that the default date was in August 2010. At the hearing on plaintiff's motion to reconsider, the court, with the parties' consent, made clear that no payments were made since April 2010.[3] Accordingly, in contrast to what plaintiff alleges on appeal, the 2010, 2013, and 2015 complaints all involve the same transaction, *i.e.*, defendants' failure to make any payments on their mortgage since April 2010.

¶ 9    In its reply brief, plaintiff contends that "subsequent investigation of the payment history of the loan revealed that payments had been made [but that] that evidence is not part of the trial court record." As we have earlier held, even if plaintiff had submitted such evidence to this court, which it has not, we could not consider it. *In re Petition to Incorporate the Village of Greenwood*, 275 Ill. App. 3d 465, 469 (1995). Moreover, plaintiff argues in its reply, without a citation to any authority, that, instead of relying on what the parties said with regard to what payments were made, the court should have required the parties to submit proof of when defendants made payments. In addition to the fact that we question such a proposition, we find plaintiff's contention forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 874-75 (2010).

---

[3] It appears that the only reason why different default dates were alleged is that, with the ongoing bankruptcy proceedings, some payments were forgiven.

2016 IL App (2d) 151143-U

¶ 10    As an aside, we note that the fact that plaintiff, and not HFC, brought the third complaint to foreclose the mortgage is of no consequence. It is well settled that the assignee stands in the shoes of the assignor, and thus an assignment transfers to the assignee all the rights, title, or interest that the assignor had in the thing assigned. *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 398 Ill. App. 3d 773, 779 (2009). Further, an assignee's claims are subject to the defenses that existed against the assignor at the time of the assignment. *Allis-Chalmers Credit Corp. v. McCormick*, 30 Ill. App. 3d 423, 424 (1975). Thus, here, because a third complaint to foreclose defendants' mortgage brought by HFC would be barred by section 13-217, the complaint to foreclose defendants' mortgage brought by plaintiff was likewise barred under section 13-217.

¶ 11    For these reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 12    Affirmed.